JOHN HENRY JACKSON v. STATE.

No. A-7255.   Opinion Filed Oct. 25, 1930.
Rehearing Denied Dec. 13, 1930.
(293 Pac. 567.)

Chapman & Chapman and Park Wyatt, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pottawatomie county of manslaughter in the first degree, and was sentenced to serve a term of 15 years in the state penitentiary.

Defendant was convicted of killing one James Pyles in Shawnee in April, 1928.   Both are negroes.   Defendant at the time charged was operating a cafe and pool hall, and deceased came into his place of business in an intoxicated condition and proceeded to raise a disturbance. He was obscene, profane, and threatening.   Defendant at

the time was in another room of the building and an employee called him. He went into the cafe armed with a Colt's revolver and ordered deceased to leave. A colloquy followed, defendant then ordered an employee to take deceased out, and as he was being taken out defendant fired the fatal shot. Deceased had his hands in his pockets at the time, but the evidence for the state is that he was making no demonstration. Defendant testified, in substance, that he believed deceased was armed; that he drew his pistol to protect himself and to prevent an attack from deceased; that the shot was accidental, caused by deceased striking the hammer of the pistol.

Defendant contends the verdict of the jury is not supported by sufficient evidence. The testimony as to what took place immediately prior and at the time of the shooting is in some conflict. However, it is undisputed that deceased was a trespasser and engaged in the commission of a misdemeanor; defendant was well within his rights in attempting to eject him from his place of business by the use of any force short of taking or endangering life. But he was not justified in killing deceased to prevent a trespass less than a felony. The right to kill in defense of property exists in this state only when a felony is about to be committed. Section 1754, Comp. St. 1921; Clark on Criminal Law 145; Dickinson v. State, 3 Okla. Cr. 151, 104 Pac. 923; Collegenia v. State, 9 Okla. Cr. 425, 132 Pac. 375; Marshall v. State, 11 Okla. Cr. 52, 142 Pac. 1046; Garrison v. State, 19 Okla. Cr. 3, 197 Pac. 517. The jury must have believed from the evidence that the killing was not to prevent the commission of a felony, but was on account of the disturbance and unseemly conduct of deceased in defendant's place of business.

Complaint is also made that the court erred in not instructing the jury as to the right of defendant to defend

his place of business. This contention involves much the same contention that the evidence is insufficient, just discussed. The court instructed fully on the law of self-defense; no additional request for instruction on the theory of the defense of place of business was requested. The testimony of defendant does not raise the defense of place of business, but is in substance that the actual firing of the shot was accidental. The court did not err in failing to cover that phase of the law, particularly in the absence of a request.

Under the entire record no material error is made to appear. We are of the opinion, however, that the punishment assessed is excessive and justice requires that it be reduced. The judgment is therefore modified by reducing the punishment assessed to confinement for a term of seven years in the state penitentiary, and, as modified, the judgment is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.