ROY MADDOX v. STATE.

No. A-8452.   Oct. 14, 1932.
(15 Pac. [2d] 150.)

Lowell R. Smith, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Edna Clary, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the county court of Washita county of the crime of pointing a deadly weapon at another, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for a period of 90 days.

The evidence of the state was that Elmer Brown was occupying the house and making a share crop on a farm owned by defendant in Washita county; that on the 16th day of March, 1931, a son of defendant moved his furniture into part of the house occupied by Brown, and placed a padlock on the door; that when Brown's wife returned and found the door padlocked, she forced an entrance and

started to put defendant's son's things out; that defendant appeared on the scene with a double-barrel shotgun and forced her to desist; that she called her father; that he, together with his wife and her husband, returned shortly afterward and defendant met them outside of the house and pointed the gun at John A. Miller, the father of Mrs. Brown, threatening to kill him, and continued to point the gun at Miller and the other parties in the crowd for some time; that defendant's son, Cleo, finally disarmed his father, and the sheriff came and arrested him.

Defendant admitted pointing the gun, but claimed that he thought John A. Miller had a gun and was going to shoot him, and what he did was in self-defense. Defendant also sought to show that he had an agreement with the Browns that Cleo might occupy part of the house, and that he was defending the lawful possession of the property for his son. Upon objection of the state, the trial court refused to permit him to make this showing.

It is first contended that the evidence is contrary to law and insufficient to support the verdict of the jury.

Four eyewitnesses testified to the pointing of the gun, and, unless this can be justified on the ground of self-defense, the cause must be affirmed.

In Jackson v. State, 49 Okla. Cr. 337, 293 Pac 567, 568, this court said:

"A person may resist a trespass on real property in his possession, where such trespass does not amount to a felony, and may eject the trespasser therefrom by the use of any reasonable force short of taking or endangering human life; but if he is unable to prevent a trespass, where no felony is attempted, by any means short of taking or endangering human life, he must suffer the trespass and seek redress at the hands of the law rather than commit homicide."

In the case at bar, the Browns were lawfully in possession of the premises. Defendant entered in their absence and attempted to take possession of part of the house, and used the shotgun to retain such possession. If, as defendant claims, he had an agreement with the Browns for possession, he had an adequate remedy at law, and was not justified in taking possession in the manner he did, nor in attempting to retain it by pointing the gun.

Complaint is made that the punishment is excessive.

Defendant was prosecuted under section 1999, C. O. S. 1921. The minimum punishment provided is a fine of $50 and 90 days in jail (C. O. S. 1921, § 2000). Justice will be done the state and the defendant by reducing the punishment to the minimum.

The judgment is therefore modified, and the punishment reduced to a fine of $50 and imprisonment in the county jail for a period of 90 days, and, as modified, is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.